**RENNE PUBLIC LAW GROUP**
LOUISE H. RENNE (SBN 36508)
lrenne@publiclawgroup.com
RUTH M. BOND (SBN 214582)
rbond@publiclawgroup.com
STEVE CIKES (SBN 235413)
scikes@publiclawgroup.com
350 Sansome St., Suite 300
San Francisco, CA 94104
Telephone:   (415) 848-7200
Facsimile:    (415) 848-7230

**COHEN MILSTEIN SELLERS & TOLL PLLC**
JULIE GOLDSMITH REISER (*pro hac vice*)
jreiser@cohenmilstein.com
MOLLY BOWEN (*pro hac vice*)
mbowen@cohenmilstein.com
LYZETTE WALLACE (*pro hac vice*)
lwallace@cohenmilstein.com
1100 New York Ave. NW, 5th Floor
Washington, DC  20005
Telephone:   (202) 408-4600
Facsimile:    (202) 408-4699

LAURA POSNER (*pro hac vice*)
lposner@cohenmilstein.com
88 Pine St., 14th Floor
New York, NY 10005

Counsel for Interim Lead Plaintiff the Employees' Retirement System of Rhode Island

**BOTTINI & BOTTINI, INC.**
FRANCIS A. BOTTINI, JR. (SBN 175783)
fbottini@bottinilaw.com
La Jolla, California 92037
Telephone: (858) 914-2001
Facsimile:  (858) 914-2002

Counsel for Interim Executive Committee Plaintiff Sal Toronto

**WEISSLAW LLP**
JOSEPH H. WEISS (pro hac vice)
jweiss@weisslawllp.com
1500 Broadway, 16th Floor
New York, NY 10036
Telephone: (212) 682-3025
Facsimile:  (212) 682-3010

Counsel for Interim Executive Committee Plaintiff Stephen Bushansky

**FRESHFIELDS BRUCKHAUS DERINGER US LLP**
BORIS FELDMAN, (SBN 128838)
boris.feldman@freshfields.com
DORU GAVRIL, (SBN 282309)
doru.gavril@freshfields.com
DREW LIMING, (SBN 305156)
drew.liming@freshfields.com
2710 Sand Hill Road
Menlo Park, CA 94025
Telephone: (650) 618-9250

MARY EATON (pro hac vice)
mary.eaton@freshfields.com
601 Lexington Avenue, 31st Floor
New York, NY 10022
Telephone: (212) 277-4000

Counsel for Nominal Defendant Pinterest, Inc. and Individual Defendants Benjamin Silbermann, Jeffrey Jordan, Leslie J. Kilgore, Jeremy S. Levine, Gokul Rajaram, Fredric G. Reynolds, Evan Sharp, Todd Morgenfeld, and Michelle Wilson

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE PINTEREST DERIVATIVE LITIGATION | Lead Case No:  3:20-cv-08331-WHA<br><br>Date:  March 18, 2021<br>Time:  11:00 am<br>Courtroom: 12, 19th Floor<br>Judge: Hon. William Alsup |

JOINT CASE MANAGEMENT STATEMENT

**JOINT CASE MANAGEMENT STATEMENT**

Plaintiff The Employees' Retirement System of Rhode Island ("ERSRI" or "Interim Lead Plaintiff"), Plaintiff Stephen Bushansky ("Bushansky" or "Interim Executive Committee Plaintiff"), and Plaintiff Sal Toronto, Trustee of the EllieMaria Toronto ESA ("Toronto" or "Interim Executive Committee Plaintiff") (together, "Plaintiffs"), Nominal Defendant Pinterest, Inc. ("Pinterest" or the "Company"), and Individual Defendants Benjamin Silbermann, Evan Sharp, Todd Morgenfeld, Jeremy Levine, Jeffrey Jordan, Gokul Rajaram, Fredric Reynolds, Leslie Kilgore, and Michelle Wilson (together, "Individual Defendants"; collectively with Pinterest, "Defendants") (Plaintiffs and Defendants are, collectively, the "Parties") in the above-captioned consolidated case (the "Consolidated Case") hereby jointly submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California, the Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge Alsup, and Civil Local Rule 16-9, in anticipation of the Case Management Conference set for March 18, 2021 at 11:00 a.m.

1. **JURISDICTION AND SERVICE**

Plaintiffs assert claims derivatively on behalf of Pinterest, Inc. ("Pinterest" or the "Company"), including claims arising under Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 14a-9 promulgated thereunder. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs allege a claim under the Exchange Act. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Additionally, the Court has subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

Venue is appropriate in this District pursuant to 28 U.S.C. § 1391.

All Defendants have been served or waived service, and have entered an appearance.

2. **FACTS**

Plaintiffs, who are all shareholders in Pinterest, Inc., filed three verified shareholder derivative complaints purportedly on behalf of nominal defendant Pinterest. *See* 3:20-cv-08331, ECF No. 1 (the "*Bushansky* action"), 3:20-cv-08438, ECF No. 1 (the "*ERSRI* action"), and 3:20-cv-09390, ECF No.

1 (the "*Toronto* action") (the "Related Cases"). After the Court consolidated the Related Cases, Plaintiffs filed a consolidated complaint (the "Consolidated Complaint"). In the Consolidated Complaint, Plaintiffs asserted claims for (1) breach of fiduciary duty, (2) waste of corporate assets, (3) abuse of control, (4) unjust enrichment, and (5) violations of Section 14(a) of the Exchange Act and Rule 14a-9. Plaintiffs did not make a demand on Pinterest before filing their Consolidated Complaint, alleging that such demand would have been futile.

Pinterest is incorporated in the State of Delaware, and its law governs Plaintiffs' standing to assert this lawsuit in the Company's name. The Company believes demand was not futile and, as a result, Plaintiffs lack derivative standing to assert any claims on Pinterest's behalf. In addition, the Individual Defendants deny all of Plaintiffs' allegations, which the Individual Defendants believe fail to state a claim.

## 3. LEGAL ISSUES

The principal legal issues in dispute in this action include:

1. Whether Plaintiffs have standing to bring a derivative action on behalf of Pinterest and/or whether Plaintiffs have adequately alleged demand futility;
2. Whether Plaintiffs have adequately alleged each element of their claims under Section 14(a) of the Exchange Act;
3. Whether Plaintiffs have adequately alleged a claim for breach of fiduciary duties;
4. Whether Plaintiffs have adequately alleged a claim for waste of corporate assets;
5. Whether Plaintiffs have adequately alleged a claim for abuse of control;
6. Whether Plaintiffs have adequately alleged a claim for unjust enrichment;
7. Whether the Individual Defendants have damaged the Company and, if so, the proper measure of such damages; and
8. Whether Defendants are entitled to judgment in their favor on Plaintiffs' claims in whole or in part based upon any affirmative defenses they may assert.

## 4. MOTIONS

1. *Motions to File Under Seal*: Motions have been filed by the plaintiff in each of the Related Cases seeking to seal portions of the complaint filed in each that case. *Bushansky* action, ECF

No. 3; *ERSRI* action, ECF No. 3; *Toronto* action, ECF No. 4. The portions of the complaints for which sealing was sought contain material produced by Pinterest subject to confidentiality agreements between each plaintiff and Pinterest and designated Confidential by Pinterest. *Id.* In the *Bushansky* and *ERSRI* actions, the Court has issued orders granting in part and denying in part the motions to file under seal. *Bushansky* action, ECF No. 30; *ERSRI* action, ECF No. 39. The *Bushansky* and *ERSRI* complaints were refiled in accordance with the Court's order. *Bushansky* action, ECF No. 35; *ERSRI* action, ECF No. 42. The motion to file under seal in the *Toronto* case was granted on February 12, 2021, and the *Toronto* complaint was refiled in accordance with the Court's order. *Toronto* action, ECF Nos. 31 & 32. Plaintiffs filed a motion to seal portions of the Consolidated Complaint on February 26, 2021. ECF No. 53.

2. *Motions to Relate Cases*: On November 30, 2020, after filing its complaint, ERSRI filed an administrative motion to consider whether the *Bushansky* and *ERSRI* actions should be related. *Bushansky* action, ECF No. 18. On December 10, 2020, the Court entered an order relating the two actions. *Bushansky* action, ECF No. 28. On January 5, 2021, after the filing of the *Toronto* complaint, Defendants filed an administrative motion to consider whether the *Toronto* case should be related to the *Bushansky* and *ERSRI* actions. *Bushansky* action, ECF No. 38. On January 7, 2021, the Court entered an order relating the three actions. *Bushansky* action, ECF No. 39.

3. *Pro Hac Vice Motions*: Motions to appear *pro hac vice* have been filed and granted by the Court for each attorney currently planning to appear before this Court who was not already admitted.

4. *Motions to Consolidate Cases*: On December 22, 2020, Bushansky and ERSRI filed a motion to (1) consolidate the *Bushansky* and *ERSRI* actions; (2) appoint Bushansky and ERSRI as interim co-lead plaintiffs; and (3) appoint Cohen Milstein Sellers & Toll PLLC and Weiss Law LLP as interim co-lead counsel and the Renne Public Law Group as interim liaison counsel. *Bushansky* action, ECF No. 33. On January 12, 2021, after the filing of the *Toronto* Complaint, Bushansky and ERSRI filed a reply in support of the motion to consolidate and appoint lead plaintiffs and counsel. *Bushansky* action, ECF No. 40.

On January 14, 2021, Toronto filed an administrative motion to enlarge time for filing an opposition to and continue the hearing on the motion to consolidate and appoint lead plaintiffs and counsel. *Bushansky* action, ECF No. 41. The Parties subsequently met and conferred, and, on January 19, 2021, the Parties filed a joint stipulation outlining a schedule for the briefing and hearing on Plaintiffs' cross-motions for consolidation and appointment of interim lead plaintiffs and counsel. *Bushansky* action, ECF No. 42. In that joint stipulation, the Parties also stated that Toronto had agreed to withdraw his administrative motion, effective upon the Court's approval of the joint stipulation. *Id.* On January 20, 2021, the Court entered its order approving the joint stipulation. *Bushansky* action, ECF No. 43.

On January 21, 2021, the Parties filed a joint stipulation regarding consolidation and case leadership (the "Joint Stipulation"). *Bushansky* action, ECF No. 46. The Parties agreed that the *Bushansky* action, *ERSRI* action, and *Toronto* action involve common questions of law and fact and assert substantially similar derivative claims against certain members of Pinterest's Board and certain executives so consolidation would result in substantial savings of judicial effort. The Plaintiffs further stipulated to a proposed case leadership structure seeking appointment of ERSRI as Interim Lead Plaintiff and Bushansky and Toronto as Interim Executive Committee Plaintiffs and seeking appointment of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Interim Lead Counsel, WeissLaw LLP ("WeissLaw") and Bottini & Bottini, Inc. ("Bottini & Bottini") as Interim Executive Committee Counsel, and the Renne Public Law Group as Interim Liaison Counsel.  On February 19, 2021, the Court granted the Joint Stipulation.  ECF No. 49.

5. **AMENDMENT OF PLEADINGS**

Plaintiffs filed the Consolidated Complaint on February 26, 2021.  ECF No. 54.

6. **EVIDENCE PRESERVATION**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and the ESI Checklist For Use During the Rule 26(f) Meet and Confer. The Parties have met and conferred and are taking reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

Under both federal law and Delaware law, discovery is stayed until Plaintiffs establish they have derivative standing to assert claims on Pinterest's behalf. Because the action asserts claims under the federal Exchange Act, discovery is stayed at the pleadings stage. 15 U.S.C. Section 78u-4(b)(3)(B). Courts in this District have recognized that Delaware law provides the same for shareholder derivative claims at the pleadings stage. *See Beam v. Stewart*, 845 A.2d 1040, 1056 (Del. 2004) ("derivative plaintiffs are not entitled to discovery in order to demonstrate demand futility"); *In re Openwave Sys. S'holder Deriv. Litig.*, 503 F. Supp. 2d 1341, 1353 (N.D. Cal. 2007) (staying discovery "until such time as plaintiffs are able to meet the requirements of Rule 23.1").

**7. INITIAL DISCLOSURES**

As noted above, discovery is stayed unless and until the Court finds Plaintiffs have derivative standing to assert claims on Pinterest's behalf. Accordingly, the Parties have not yet exchanged initial disclosures.

**8. DISCOVERY**

No formal discovery has taken place, and as noted above, discovery is stayed unless and until the Court finds Plaintiffs have derivative standing to assert claims on Pinterest's behalf.

However, prior to filing complaints, Plaintiffs served books and records inspection demands on Pinterest pursuant to 8 *Del.* C. § 220 and obtained internal Company documents, which documents were relied on when drafting the complaints.

In light of the discovery stay, the Parties believe it is premature to propose a discovery schedule at this time.

The Parties do not anticipate the need to modify any of the discovery limitations provided by the Federal Rules of Civil Procedure. The Parties agree to work together in an effort to enter into a stipulated e-discovery order that will adequately address the review and production of electronically stored information.

**9. CLASS ACTIONS**

This action is not brought as a class action. No motion for class certification will be filed.

**10. RELATED CASES**

Other than the Consolidated Case, the parties are not aware of any other related cases filed in this district.

On February 9, 2021, a shareholder derivative complaint was filed in the District of Delaware containing certain similar allegations against the same defendants as the Consolidated Case, but absent allegations based on confidential information produced by the Company. *See Mosquera v. Silbermann, et al.*, No. 1:21-cv-00173 (D. Del.). That case was voluntarily dismissed and closed on February 24, 2021.

11. **RELIEF**

Plaintiffs seek a judgment against all of the Individual Defendants and in favor of Pinterest granting declaratory, injunctive, and monetary relief. Plaintiffs seek a declaration, among other things, that (1) the action is maintainable as a shareholder derivative action under Federal Rule of Civil Procedure 23.1 and that Plaintiffs are adequate derivative plaintiffs; (2) demand on the current Board is excused because such demand would be futile; (3) the Individual Defendants violated the Exchange Act, breached and/or aided and abetted the breach of their fiduciary duties to Pinterest, committed corporate waste, and were unjustly enriched; and (4) Defendants Silbermann and Sharp abused their control. Plaintiffs additionally seek (1) injunctive relief directing all Individual Defendants and Pinterest to take all necessary actions to reform and improve Pinterest's corporate governance procedures to comply with applicable laws and to protect Pinterest and its shareholders from a repeat of the misconduct alleged in the complaints; (2) a judgment against the Individual Defendants and in favor of Pinterest for the amount of damages sustained by the Company or which will be sustained as a result of the Individual Defendants' alleged violations of law, along with pre- and post-judgment interest as allowed by law; (3) extraordinary equitable and/or injunctive relief including attaching, impounding, imposing a constructive trust on, or otherwise restricting the proceeds of the Individual Defendants' trading activities or other assets to ensure Plaintiffs on behalf of Pinterest have an effective remedy; (4) restitution and disgorgement of profits, benefits, and other compensation; (5) punitive damages; (6) their reasonable attorneys' fees, experts' fees, and other reasonable costs and expenses; and (7) other and further relief that this Court may deem just and proper.

The Individual Defendants do not believe Plaintiffs are entitled to any relief and will seek their legal fees, costs, and other expenses, to the extent permitted by applicable law.

**12.   SETTLEMENT AND ADR**

The parties have not engaged in ADR discussions, consistent with the Court's preferences.

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

At this time, the Parties do not consent to have a magistrate judge conduct all further proceedings.

**14.   OTHER REFERENCES**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   NARROWING OF ISSUES**

At the present time, there are no issues that could be narrowed by agreement or by motion.

**16.   EXPEDITED TRIAL PROCEDURE**

The Parties do not propose that this case proceed under General Order 64 Attachment A's Expedited Trial Procedure.

**17.   SCHEDULING**

Defendants intend to move to dismiss the Consolidated Complaint. The Parties have met and conferred and are concurrently submitting a stipulation proposing the following schedule for briefing Defendants' motions to dismiss:

1. Defendants shall file their motions to dismiss the Consolidated Complaint on or by April 22, 2021.
2. Plaintiffs shall file their oppositions to the motions to dismiss on or by May 27, 2021.
3. Defendants shall file their replies in support of their motions to dismiss on or by June 17, 2021.

**18.   TRIAL**

Plaintiffs request a jury trial of all triable issues and estimate that the trial will take two to three weeks.

Defendants' position is that whether the case is triable by jury depends on the claims, if any, that remain in the case after the pleadings stage.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Pursuant to Local Rule 3-15(a)(2), Plaintiffs filed certificates of interested entities. *See Bushansky*, No. 3:20-cv-08331, ECF No. 2; *ERSRI*, No. 3:20-cv-08438, ECF No. 2; *Toronto*, No. 3:20-cv-09390, ECF No. 2. Besides the persons and entities identified in such certifications, no other entities have either (a) a financial interest in the subject matter in controversy or in Plaintiff or (b) any other kind of interest that could be substantially affected by the outcome of this proceeding.

Pinterest also filed certificates of interested entities in each of the Related Cases before they were consolidated. *See Bushansky*, No. 3:20-cv-08331, ECF No. 6; *ERSRI*, No. 3:20-cv-08438, ECF No. 12; *Toronto*, No. 3:20-cv-09390, ECF No. 11. Besides the Defendants and entities identified in such certifications, no other entities have either (a) a financial interest in the subject matter in controversy or in Pinterest or (b) any other kind of interest that could be substantially affected by the outcome of this proceeding.

**20.    PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    PLANS TO PROVIDE OPPORTUNITIES TO JUNIOR LAWYERS**

Of the four law firms representing plaintiffs, only one (Cohen Milstein) has more than 50 lawyers. As to Cohen Milstein, at this early stage it is not possible to identify specific motions that will be necessary or precise depositions that will be taken but the firm anticipates that Molly Bowen, associate at Cohen Milstein and J.D. class of 2013, and Josh Handelsman, associate at Cohen Milstein and J.D. class of 2017, will be given opportunities to: argue discovery motions and portions of dispositive motions; take depositions of some fact witnesses, including current and former Pinterest employees who were allegedly the targets of discrimination and retaliation; lead portions of presentations at settlement negotiations; and examine some witnesses at trial, including current and former Pinterest employees who were allegedly the targets of discrimination and retaliation.

Counsel for Defendants intend to provide opportunities to Drew Liming, associate at Freshfields Bruckhaus Deringer US LLP and J.D. class of 2015, and Elise Lopez, associate at Freshfields Bruckhaus Deringer US LLP and J.D. class of 2018, to argue motions in court, to take and defend depositions, and to examine witnesses at trial. At this early stage in the litigation, it is not possible to identify specific motions that will be necessary or depositions that will be taken.

Dated: March 11, 2021

By: */s/  Louise H. Renne*
**RENNE PUBLIC LAW GROUP**
LOUISE H. RENNE (SBN 36508)
lrenne@publiclawgroup.com
RUTH M. BOND (SBN 214582)
rbond@publiclawgroup.com
STEVE CIKES (SBN 235413)
scikes@publiclawgroup.com
350 Sansome St., Suite 300
San Francisco, CA 94104
Telephone:   (415) 848-7200
Facsimile:    (415) 848-7230

*/s/  Julie Goldsmith Reiser*

**COHEN MILSTEIN SELLERS & TOLL PLLC**
JULIE GOLDSMITH REISER (*pro hac vice*)
jreiser@cohenmilstein.com
MOLLY BOWEN (*pro hac vice*)
mbowen@cohenmilstein.com
LYZETTE WALLACE (*pro hac vice*)
lwallace@cohenmilstein.com
1100 New York Ave. NW, 5th Floor
Washington, DC  20005
Telephone:  (202) 408-4600
Facsimile:   (202) 408-4699

LAURA POSNER (*pro hac vice*)
lposner@cohenmilstein.com
88 Pine St., 14th Floor
New York, NY 10005
Telephone:   (212) 220-2925
Facsimile:    (212) 838-7745

*Counsel for Interim Lead Plaintiff the Employees' Retirement System of Rhode Island*

*/s/ Joseph H. Weiss*
**WEISSLAW LLP**

JOEL E. ELKINS (SBN 256020)
jelkins@weisslawllp.com
9100 Wilshire Boulevard, #725 E
Beverly Hills, CA 90210
Telephone: (310) 208-2800
Facsimile:  (310) 209-2348

JOSEPH H. WEISS (*pro hac vice*)
jweiss@weisslawllp.com
DAVID C. KATZ (*pro hac vice*)
dkatz@weisslawllp.com
JOSHUA M. RUBIN (*pro hac vice*)
jrubin@weisslawllp.com
KELLY K. MORAN (*pro hac vice*)
kmoran@weisslawllp.com
1500 Broadway, 16th Floor
New York, NY 10036
Telephone: (212) 682-3025
Facsimile:  (212) 682-3010

*Counsel for Interim Executive Committee Plaintiff Stephen Bushansky*

/s/ Francis A. Bottini, Jr.
**BOTTINI & BOTTINI, INC.**
FRANCIS A. BOTTINI, JR. (SBN 175783)
fbottini@bottinilaw.com
ALBERT Y. CHANG (SBN 296065)
achang@bottinilaw.com
ANNE BESTE (SBN 326881)
abeste@bottinilaw.com
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001
Facsimile:  (858) 914-2002

*Counsel for Interim Executive Committee Plaintiff Sal Toronto*

/s/ Boris Feldman
**FRESHFIELDS BRUCKHAUS DERINGER US LLP**
BORIS FELDMAN, (SBN 128838)
boris.feldman@freshfields.com
DORU GAVRIL, (SBN 282309)
doru.gavril@freshfields.com
DREW LIMING, (SBN 305156)
drew.liming@freshfields.com
2710 Sand Hill Road
Menlo Park, CA 94025

Telephone: (650) 618-9250

MARY EATON (*pro hac vice*)
mary.eaton@freshfields.com
601 Lexington Avenue, 31st Floor
New York, NY 10022
Telephone: (212) 277-4000

*Counsel for Nominal Defendant Pinterest, Inc. and Individual Defendants Benjamin Silbermann, Jeffrey Jordan, Leslie J. Kilgore, Jeremy S. Levine, Gokul Rajaram, Fredric G. Reynolds, Evan Sharp, Todd Morgenfeld, and Michelle Wilson*

| | |
|---|---|
| 1 | Pursuant to General Order No. 45 Section X(B), all signatories concur in filing this stipulation. |
| 2 | Dated: March 11, 2021                         By: /s/ *Julie Goldsmith Reiser* |
| 3 |                                                              Julie Goldsmith Reiser |