BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
DREW LIMING, State Bar No. 305156
drew.liming@freshfields.com
M. ABIGAIL WEST, State Bar No. 324456
abigail.west@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
2710 Sand Hill Road
Menlo Park, CA 94025
Telephone: (650) 618-9250

*Attorneys for Nominal Defendant Pinterest, Inc.
and Individual Defendants Benjamin Silbermann,
Jeffrey Jordan, Leslie J. Kilgore, Jeremy S. Levine,
Gokul Rajaram, Frederic G. Reynolds, Evan Sharp,
Michelle Wilson, and Todd Morgenfeld*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re Pinterest Derivative Litigation* | Case No.: 3:20-cv-08331-WHA<br><br>**DEFENDANTS' RESPONSE TO ORDER REQUESTING ADDITIONAL INFORMATION RE PROPOSED SETTLEMENT**<br><br>Hearing: January 27, 2022<br>Time: 8:00 a.m.<br>Location: Courtroom 12 - 19th Floor<br>Judge: The Hon. William Alsup |

Defendants respectfully submit the following additional information in response to the Court's Order of January 18, 2022. Dkt. No. 104. These answers apply to each of the governance measures listed in the proposed settlement.

1. **The extent to which the recommendation(s) proposed in conjunction with settlement would reproduce any recommended by the Special Committee.**

From the beginning of settlement discussions, the Parties focused on governance measures that would be additive to the recommendations of the Special Committee. The Special Committee's recommendations informed the Parties' discussions to the extent necessary to avoid duplication. As a result, each of the measures proposed in the settlement were negotiated to be additive to the Special Committee's recommendations. The Special Committee's recommendations were made publicly available at https://newsroom.pinterest.com/en/post/statement-from-the-special-committee-of-the-board, in December 2020, before the Parties began their settlement discussions in June 2021.

2. **To what extent those [measures] both recommended by the Special Committee and proposed in conjunction with settlement have already been implemented.**

After the settlement Stipulation was signed, Pinterest implemented a few initiatives relevant to the governance measures proposed in the settlement. For example, several governance measures contemplate the recruitment of a Global Head of Inclusion and Diversity and prescribe various functions for this role. *E.g.*, Dkt. No. 99-2 at 27 *et seq*. (Sections II.3, II.8, II.9, V.2, V.3, etc.). Section V.3 of the proposed governance measures contemplates Pinterest considering factors in a specified rubric, attached as Appendix A to the proposed governance measures, when recruiting for this position. Pinterest did so, and, in January 2022, announced Nichole Barnes Marshall as Global Head of Inclusion and Diversity. *See* https://newsroom.pinterest.com/en/post/nichole-barnes-marshall-joins-pinterest-as-global-head-of-inclusion-and-diversity. Delaying implementation of this measure until after preliminary approval would have potentially risked losing a talented individual. As another example, the Inclusive Product Program, Dkt. No. 99-2 at 36-37, was negotiated to expand the resources available to, institutionalize, and scale up an initiative that Pinterest had recently piloted at the time of the Parties' discussions. *See* https://www.glamour.com/story/annie-ta-is-making-pinterest-a-positive-corner-of-the-internet.

3. **What financial value has been allotted to the Special Committee's recommended changes over an "up-to-ten-year" period (i.e. comparable to the time period contemplated in the stipulation).**

None of the Defendants, nor the Special Committee, has attempted to ascribe a monetary value to the Special Committee's work. At all times, the Special Committee and the Board as a whole have been committed to spending (consistent with their business judgment) such amounts as are necessary to implement the Special Committee's recommendations.

The Parties' Stipulation similarly does not purport to ascribe a financial value to the governance measures proposed therein. Rather, the Parties' Stipulation provides an allocated budget of "$50 million in funding for the creation, implementation, and annual maintenance of the reforms noted herein, to be expended over a period no longer than ten years after final approval of the settlement." Dkt. No. 99-2 at 32 (Section XIV.2). Such a budget did not exist prior to the Parties' negotiations. A similar ten-year budget does not exist for implementing the Special Committee's recommendations.

4. **Whether the value named in (3) would in any part overlap with the allocation of $50 million over 10 years proposed in the stipulation or whether the $50 million would be spent in addition to the funds earmarked for, allocated to, or already spent on implementation of the Special Committee's recommendations.**

The Parties' proposed allocation is dedicated to implementation of the governance measures proposed in the settlement. The proposed allocation is not intended to fund the Special Committee's recommendations. Given the complementary nature of the Special Committee's recommendations and the governance measures proposed in the settlement, it is likely that monies spent on one will indirectly benefit the other.

Respectfully submitted,

Dated: January 25, 2022                FRESHFIELDS BRUCKHAUS DERINGER US LLP

By: _/s/ Boris Feldman_
Boris Feldman

*Attorneys for Defendants*