**RENNE PUBLIC LAW GROUP**
LOUISE RENNE (SBN #36508)
lrenne@publiclawgroup.com
RUTH M. BOND (SBN #214582)
rbond@publiclawgroup.com
STEVEN CIKES (SBN #235413)
scikes@publiclawgroup.com
ANASTASIA BONDARCHUK (SBN #309091)
abondarchuk@publiclawgroup.com
350 Sansome St., Suite 300
San Francisco, CA 94104
Telephone:  (415) 848-7200
Facsimile:  (415) 848-7230

*Counsel for Plaintiffs*

**COHEN MILSTEIN SELLERS & TOLL PLLC**
JULIE GOLDSMITH REISER (*pro hac vice*)
jreiser@cohenmilstein.com
MOLLY BOWEN (*pro hac vice*)
mbowen@cohenmilstein.com
LYZETTE WALLACE (*pro hac vice*)
lwallace@cohenmilstein.com
1100 New York Ave. NW, 5th Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:  (202) 408-4699

LAURA POSNER (*pro hac vice*)
lposner@cohenmilstein.com
88 Pine St., 14th Floor
New York, NY 10005
Telephone:  (212) 220-2925

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| *In re Pinterest Derivative Litigation* | Lead Case No. 3:20-cv-08331-WHA<br><br>**PLAINTIFFS' SWORN STATEMENT REGARDING NDA POLICY IN STIPULATED SETTLEMENT**<br><br>Courtroom 12, 19th Floor<br>The Honorable William Alsup |

Plaintiffs' Sworn Statement re NDA Policy in Stipulated Settlement

I, Julie Goldsmith Reiser, declare as follows:

1. I am an attorney licensed to practice and admitted *pro hac vice* in this Court. I am a partner and Co-Chair of the Securities and Investor Protection Practice Group of Cohen Milstein Sellers & Toll PLLC. I was retained by the Employees' Retirement System of Rhode Island for purpose of bringing this action. By Order dated February 19, 2021 (ECF 49), this Court appointed the Employees' Retirement System of Rhode Island as Interim Lead Plaintiff and my firm as Interim Lead Counsel in this action.

2. I submit this sworn declaration in response to the Court's Order of February 2, 2022 (ECF No. 110) and in support of the Plaintiffs' Unopposed Motion for Preliminary Approval of the Proposed Settlement (ECF No. 99).

3. I respectfully submit the following answers, to the best of my knowledge, to the questions posed by the Court in its February 2, 2022 Order regarding Pinterest's non-disclosure ("NDA") policy:

**1. Has Pinterest Committed Not to Require NDAs in Resolution of Harassment or Discrimination Complaints?**

4. Yes. On April 13, 2021, Pinterest, through its CEO and Board Chair, Ben Silbermann, committed on a going-forward basis to not require NDAs in resolution of harassment or discrimination complaints in connection with California's Silenced No More Act, which was a bill driven by Pinterest whistleblower Ifeoma Ozoma. In a staff memo, Mr. Silbermann stated: "*Regardless of what happens in the legislature, whether the bill [the Silenced No More Act] moves forward or not, we're going to adopt the policies behind the proposed law.*"[1] Additionally, a spokesperson for Pinterest confirmed this position more broadly to the media.[2]

---

[1] Issie Lapowsky, *The Verge*, "Following employee outrage, Pinterest backs California's NDA-busting bill" (April 13, 2021), https://www.protocol.com/pinterest-silenced-no-more-act
[2] *Id.*, *see also* Cat Zakrzewski with Aaron Schaffer, *The Washington Post*, "The Technology 202: Pinterest supports a bill that would make it easier to condemn workplace abuse, after ex-employees alleged racism" (April 14, 2021),

1

Plaintiffs' Sworn Statement re NDA Policy in Stipulated Settlement

5.      However, at the time Mr. Silbermann made these statements, Pinterest refused to agree to not enforce existing NDAs.  Pinterest maintained that "if the company has a 'completed contract' with a former employee, it would 'not go back and amend it.'"[3]  Accordingly, in their settlement negotiations, the parties focused on the existing NDAs rather than prospective NDAs.  As a result of these negotiations and as set forth in Section IV(1) of the Agreed Settlement Commitments (*see* ECF No. 99-2), Pinterest will not be enforcing existing NDAs for individuals who made gender or race discrimination claims related to the underlying facts and circumstances of incidents and the reporting process.

### 2.     The Date this Change Went into Effect.

6.      As set forth above, on April 13, 2021, Pinterest committed to not use NDAs on a prospective basis.  Pinterest's position on prospective NDAs in resolution of harassment and discrimination complaints *is not* presented to this Court as part of the Proposed Settlement because the parties are aware of the Court's concerns about agreeing on negotiated terms that the Company would have adopted anyway.  Pinterest's commitment to not enforce existing NDAs will become effective upon final approval of the parties' Proposed Settlement.

### 3.     Whether Pinterest Will Change its Policy Regarding NDAs for Harassment and Discrimination?

7.      On January 1, 2022, California's Silenced No More Act, SB-331 became law.  The Silenced No More Act provides:

> (a) Notwithstanding any other law, a provision within a settlement agreement that prevents or restricts the disclosure of factual information related to a claim filed in a civil action or a complaint filed in an administrative action, regarding any of the following, is prohibited:
> (1)  An act of sexual assault that is not governed by subdivision (a) of Section 1002.

---

https://www.washingtonpost.com/politics/2021/04/14/technology-202-pinterest-supports-bill-that-would-make-it-easier-condemn-workplace-abuse-after-ex-employees-alleged-racism/ (quoting CEO and Board Chair Silbermann as saying "We want every employee to feel safe, championed and empowered to raise any concerns about their work experience.")
[3] *Id., The Washington Post* (April 14, 2021).

>  (2) An act of sexual harassment, as defined in Section 51.9 of the Civil Code.
>  (3) An act of workplace harassment or discrimination, failure to prevent an act of workplace harassment or discrimination, or an act of retaliation against a person for reporting or opposing harassment or discrimination, as described in subdivisions (a), (h), (i), (j), and (k) of Section 12940 of the Government Code.
>  (4) An act of harassment or discrimination, or an act of retaliation against a person for reporting harassment or discrimination by the owner of a housing accommodation, as described in Section 12955 of the Government Code.

8.  In light of Pinterest's public support of the bill prior to its enactment and agreement to adopt such policies, it is Plaintiffs' counsels' belief that Pinterest will not change its policy to be out of compliance with state law.  The agreement to not enforce existing NDAs will be in effect for at least 5 years, the length of the Settlement Stipulation.

**4.  What Specific Notice of This Policy Has Been or Will Be Given to those Subject to NDAs?**

9.  The parties negotiated a provision that existing NDAs related to the facts and circumstances of alleged harassment and discrimination would no longer be enforced. Plaintiffs asked Pinterest whether it would agree to provide notice to those affected by this term.  Pinterest did not agree.  Nevertheless, Plaintiffs believe the term has significant value, even without such a notice provision.  First, Plaintiffs are shareholders seeking to preserve the long-term value of the Company.  They believe this settlement provision prevents the Company from continuing to protect wrongdoers and shed light on their past alleged misconduct.

10.  Second, while the parties' Proposed Settlement does not provide for specific notice to affected individuals subject to existing NDAs, this provision of the Proposed Settlement has been widely publicized through traditional and online media, including among other sources:

- Michael Levenson, *The New York Times*, "Pinterest agrees to spend $50 million on reforms to resolve discrimination allegations" (Nov. 24, 2021) ("The settlement also releases former employees from nondisclosure agreements…")

- Mitchell Clark, *The Verge*, "Pinterest settles lawsuit that alleged racial and gender discrimination," (Nov. 24, 2021) ("The company will release former employees from NDAs[.]")

- April Joyner, *Business Insider*, "Pinterest puts $50 million into diversity programs and releases former employees from NDAs in a settlement with shareholders following harassment claims," (Nov. 24, 2021) ("As part of those reforms, the social image-sharing company will not enforce non-disclosure agreements for former employees who speak out about workplace mistreatment or harassment. Earlier this year, Pinterest said that it would no longer require outgoing employees to sign them.")

- Zoe Schiffer, *NBC News*, "Pinterest settles shareholder lawsuit over workplace culture. The company is also releasing former employees from nondisclosure agreements," (Nov. 24, 2021) ("As part of the agreement, the company is releasing former employees from nondisclosure agreements in cases of racial or gender-based discrimination."). Article also circulated on *Yahoo Now*.

- Mariella Moon, *Engadget*, "Pinterest will no longer force former employees to keep quiet about discrimination cases[.] It's part of the company's settlement for a case filed over its workplace culture." (Nov. 25, 2021)

11. Additionally, this provision was widely discussed on Twitter, including at length by high-profile Pinterest whistleblower Ifeoma Ozoma. Ms. Ozoma has over 14,000 followers on Twitter and posts regularly about her experience at Pinterest. She is a central figure in the tech whistleblower community; since leaving Pinterest, she advocated for Silenced No More, authored the Tech Whistleblower Handbook, and has regular speaking engagements regarding whistleblowing. She regularly interacts on social media with current and former Pinterest employees who are curious about her experience and about Company policy related to discrimination, harassment, and NDAs. Messages by Ms. Ozoma and others regarding this settlement and specifically the NDA release reached a very wide audience:

- Shortly after news of the settlement broke, Ms. Ozoma tweeted an article about the settlement highlighting the NDA provision and added her own message, "This is what accountability looks like. I'm definitely giving thanks!!!!" *See* https://twitter.com/IfeomaOzoma/status/1463660232207310857 (November 24, 2021 at 7:06pm). This message was liked 1,310 times, retweeted 224 times, and quote-tweeted 4 times.

- Ms. Ozoma then tweeted a portion of Zoe Schiffer's news article regarding the settlement and Ms. Ozoma noted the "IMPACT" of the NDA provision. In response to a comment asking whether the term will be retroactive, she responded "Yes! That was one thing pinterest refused to budge on even after claiming to support silenced no more. It only came as a result of this settlement." *See* https://twitter.com/IfeomaOzoma/status/1463662646306099202 (November 24,

2021 at 7;15pm). This message was liked 534 times, retweeted 99 times, and quote-tweeted 15 times.

- Zoe Schiffer's tweet sharing her article about the settlement, highlighting the NDA provision, was liked 632 times, retweeted 192 times, and quote-tweeted 41 times. *See* https://twitter.com/ZoeSchiffer/status/1463659872482840577 (November 24, 2021 at 7:04pm). Ms. Schiffer is a leading tech reporter focused on labor issues and who is closely followed by the tech whistleblowing community.

12. The broad traditional and online coverage and discussion of the NDA non-enforcement provision is highly relevant to the question of notice given that the affected individuals are current or former employees of Pinterest, a social media company. In the course of investigating and litigating shareholder derivative cases involving workplace discrimination and harassment, my Firm has interviewed hundreds of former employees. What we know very clearly from that work is that the type of individual who would seriously consider breaking an NDA is extremely interested in knowing about other people who had the same negative experience and is closely following the news about their employer. Indeed, former employees interviewed in connection with the investigation in this case closely followed the women who blew the whistle about alleged discrimination at Pinterest, including Ms. Ozoma, and news of the Company's response. Given the extensive coverage and what we know to be true about whistleblowers, it is difficult to imagine that a Pinterest employee who entered into an NDA arising from discrimination or harassment and would like to speak out, but feels restrained by their NDA, is unaware of this settlement provision.

13. Plaintiffs and their counsel are extremely proud of the settlement achieved in this case, including a robust array of over fifty reforms, including numerous novel provisions. We believe the settlement comfortably meets the standards for both preliminary and final approval of a settlement. We appreciate Your Honor's attention to this matter and are available for any further questions.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 7th of February 2022 at Washington, D.C.

/s/ Julie Goldsmith Reiser
Julie Goldsmith Reiser

*Counsel for Interim Lead Plaintiff the Employees' Retirement System of Rhode Island and Interim Lead Counsel*